# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x

IN RE APPLICATION OF Sakab Saudi Holding  :
Company, Alpha Star Aviation Services Company,  :
Enma Al Ared Real Estate Investment and Development  :
Company, Kafa'at Business Solutions Company,  :   No. 21-mc-176
Security Control Company, Armour Security Industrial  :
Manufacturing Company, Saudi Technology & Security  :
Comprehensive Control Company, Technology Control  :
Company, New Dawn Contracting Company, and Sky  :
Prime Investment Company,  :
:
:
:
For Order Pursuant to 28 U.S.C. § 1782 for the Issuance  :
of Subpoenas to Citibank NA, HSBC Bank USA NA,  :
Cadwalader, Wickersham & Taft LLP, and Jonathan  :
Wainwright, Esq.  :

------------------------------------------ x

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

To:   HSBC BANK USA, NA
      752 Fifth Avenue, 7th Floor
      New York, NY 10018

**YOU ARE COMMANDED** to produce at the time, date and place set forth below the documents, electronically stored information, or objects, and permit their inspection, copying, testing or sampling of the material: See the attached Schedule A.

| Place: | Date and Time: |
|---|---|
| Morvillo, Abramowitz, Grand, Iason & Anello, 565 Fifth Ave., New York, NY 10017  Attn: Jonathan S. Sack and Joshua Bussen | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

1

2

BY THE COURT

OR

_____     _____
Hon.                                Attorney's Signature

_____
The name, address, e-mail, and telephone number of the attorney representing the Applicants, who issues or requests this subpoena, are Jonathan S. Sack and Joshua Bussen, Morvillo, Abramowitz, Grand, Iason & Anello, 565 Fifth Avenue, New York, New York 10017, jsack@maglaw.com, jbussen@maglaw.com, (212) 856-9600

2

Misc. Action No. _____

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

This subpoena for _____ was received by me on _____

☐ I served the subpoena by delivering a copy to the named person as follows:_____
_____
_____ on (date) _____; or

☐ I returned the subpoena unexecuted because:_____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$_____.

My fees are $ _____for travel and $ _____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____                                      _____
                                                          Server's signature

                                                          _____
                                                          Printed name and title

                                                          _____
                                                          Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

I. **DEFINITIONS**

    A.    The uniform definitions and rules of construction set forth in paragraphs (c) and (d) of Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") are incorporated herein by reference.

    B.    The term "HSBC," "you," or "your" refers to HSBC Bank USA NA, as well as each of its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, agents, representative, employees, accountants or attorneys.

    C.    "Concerning," in addition to its customary and usual meaning, shall mean relating to, referring to, describing, evidencing, or constituting.

    D.    The term "including" shall mean "including, without limitation."

    E.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Local Civil Rule 26.3(c), including electronic or computerized data compilations. It is understood to include all papers; writings; drawings; pictures; charts; photographs; movies; files; tapes; CDs; DVDs; other voice and video recordings; financial records and analyses; data compilations; correspondence, including e-mail correspondence and attachments; computer records; drafts; work papers; invoices; contracts; purchase orders or agreements; memoranda; stenography or handwritten notes; publications; books; pamphlets; reports; surveys; or minutes.  It also includes copies of such documents where the original is not in your possession, custody or control and copies of every such document where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

F. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

G. The term "Records" refers to

(a) account opening statements;

(b) account statements;

(c) instruments reflected in those statements including, without limitation, instruments reflecting payment, such as checks and wire transfer confirmations; and

(d) any "document," as defined above in subsection E.

H. As used herein, the past tense shall include the present tense, and vice versa, the word "he" or any other masculine pronoun includes any individual regardless of sex; the singular shall be deemed to include the plural and the plural to include the singular; and the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to make a request inclusive rather than exclusive and to bring within the scope of a request documents that might otherwise be construed to be outside of its scope thereof. Similarly, the terms "all" and "each" shall be construed as all and each.

## II. PRODUCTION OF DOCUMENTS & THINGS

### A. INSTRUCTIONS

1. All documents that respond, in whole or in part, to the requests below shall be produced in their entirety, including all attachments, enclosures, cover memoranda and post-it notes.

2. The documents called for by this subpoena include all documents in your possession, custody or control, unless privileged and such privilege has not been waived,

regardless of whether those documents are possessed by you, your employees, representatives, agents or attorneys.

   **3.** Where an objection is made to any document request under Fed. R. Civ. P. 45, the objection shall state with specificity all grounds, including where you object based upon a claim of privilege, work product or any other claimed protection from discovery. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

   **4.** If any privilege or protection is claimed as to any document, you must state the nature of the privilege or protection claimed (e.g., attorney-client, work product) and state the basis for claiming the privilege or protection. If less than an entire document is claimed to be privileged, you must furnish a copy of those proportions of the document that are not privileged. For each document or portion of a document for which privilege or protection is claimed, provide the following information, in writing:

    (a) the title of the document;

    (b) the identity and title of each author;

    (c) the identity and title of each recipient;

    (d) the date of the document;

    (e) a description of the document; and

    (f) a statement of the basis on which privilege is claimed.

   **5.** In producing documents pursuant to these requests, you are required to furnish all documents in your possession, custody or control that are known or available to you, regardless of whether those documents are possessed by you or any of your employees, agents or representatives, including attorneys. You must make a diligent search of your records (including

paper records, computerized records, electronic mail records, voice-mail records, and World Wide Web or hypertext markup language pages) and of other papers and materials in your possession or available to your employees, agents and representatives, including attorneys.

      **6.**      All documents called for by this notice are to be produced in their full and unredacted form (except as necessary to protect privilege).  Responsive documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the enumerated requests in this subpoena. Each document is to be produced with all non-identical copies and drafts thereof.  Documents that are stapled, clipped or otherwise physically attached shall be produced intact and shall not be separated, even if a part of the document appears not to be responsive.  Documents shall be produced in a manner that indicates from which files the documents were produced.  The originals of all documents produced in copy form shall be kept available for inspection.  If you cannot respond to any specific document request in full after exercising due diligence to secure the documents requested, you shall so state and respond to the extent possible, specifying the nature of your inability to respond to the remainder.  If with respect to any category there are no responsive documents, you shall state so in writing.

      **7.**      If any documents or parts of documents called for by this demand have been destroyed, discarded or otherwise disposed of, a list shall be furnished setting forth as to each document as much of the following information as possible:

    (a) the nature of the document (e.g., letter, memorandum, e-mail, etc.);

    (b) the name, address, occupation, title, and business affiliation of each person who prepared, received, viewed, and has had possession, custody, or control of the document;

(c) the date of the document;

(d) a description of the subject matter of the document;

(e) the date of destruction or other disposition;

(f) a statement of the reasons for destruction or other disposition;

(g) the name, address, occupation, title, and business affiliation or each person who authorized destruction or other disposition;

(h) the name, address, occupation, title, and business affiliation of each person who destroyed or disposed of the document; and

(i) the paragraph(s) of this request that fall for the production of the document.

8. Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any paragraph herein for purpose of limitation.

9. Questions regarding the interpretation of this subpoena should be resolved in favor of the broadest possible construction.

10. Any and all examples or descriptions of documents herein are illustrative only and do not limit the request to those particular documents or types of documents, as if it were explicitly noted that such request was "not limited to" the stated examples.

11. All documents produced in paper form or as electronic images should be "Bates" numbered sequentially with a unique number on each page, and with a prefix identifying the party producing the document.

**12.** If you are unable to locate any document requested, state all efforts that have been made to locate it and identify any individual whom you believe is likely to possess any information regarding the document's whereabouts.

**13.** The period covered by these requests, and for which information is requested, is from January 1, 2008 through the present, except that it shall include any account opening documents even if dated before January 1, 2008.

**14.** These requests for production of documents are continuing in nature. If after responding to these requests, you obtain or become aware of any additional documents responsive to any of these requests, you are required to furnish a supplemental response when such information becomes available.

**B. DOCUMENTS & THINGS TO BE PRODUCED**

As provided in the January 22 Order of Justice Gilmore of the Superior Court of Justice, Ontario, produce the following documents, communications and records concerning the account holders set forth in HSBC Subpoena Table 1 and more fully described below:

a) bank account opening applications and agreements and Know Your Customer ("KYC") documentation and related compliance files supporting the opening of such accounts;

b) bank account statements (including but not limited to deposits, lines of credit, credit cards, investment accounts, or any other financial credit facility or account);

c) if requested, instruments reflected m those statements including deposits, withdrawals and transfers;

d) any mortgage, loan, account and financial statements;

      e) documents pertaining to changes in beneficial ownership or joint account holder status of accounts, real estate or other assets described above; and

      f) any documents (including, but not limited to files, papers, records, notes, correspondence, memoranda, communications, computer data, media and other records in [your] possession or control) pertaining to the identity of any persons or entities who instructed [HSBC Bank USA NA] to conduct any business, including the making of any payments or transfers to account holders or third parties, the identity of the payees and particulars of the instruments and transactions.

    For each of the above requests, pertaining to the period January 1, 2008 to the current date, produce documents and things in your possession or your subsidiaries' possession that relate to accounts owned or operated, directly or indirectly, or for which the individuals and corporations detailed in HSBC Subpoena Table 1 below, have authority or exercise control – including, without limitation, as joint accounts or tenants in common with others, accounts held for the benefit of or in trust for the individuals and corporations listed in HSBC Subpoena Table 1, and accounts over which any of the individuals and corporations listed in HSBC Subpoena Table 1 have signing authority.  The disclosure shall include, but not be limited to (a) the account holders and account numbers listed in HSBC Subpoena Table 1 and (b) the account numbers to which the funds were sent and, if known, the identity of the recipient of those funds.

| HSBC Subpoena Table 1 ||
|---|---|
| **Account Holder** | **Account Number** |
| New East (US) Inc. | 0605184364 |
| New East 804 805 LLC | 0605184356 |
| New East Back Bay LLC | 0605183929 |
| New East DC LLC | 0605187223 |
| Saad Khalid S Al Jabri | 389-09170-7 |