USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF Sakab Saudi Holding Company, Alpha Star Aviation Services Company, Enma Al Ared Real Estate Investment and Development Company, Kafa'at Business Solutions Company, Security Control Company, Armour Security Industrial Manufacturing Company, Saudi Technology & Security Comprehensive Control Company, Technology Control Company, New Dawn Contracting Company, and Sky Prime Investment Company,

For an Order Pursuant to 28 U.S.C. § 1782 for the Issuance of Subpoenas to Citibank NA, HSBC Bank USA NA, Cadwalader, Wickersham & Taft LLP, and Jonathan Wainwright, Esq.

21 Misc. 176 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 11, 2021, Applicants, Sakab Saudi Holding Company, Alpha Star Aviation Services Company, Enma Al Ared Real Estate Investment and Development Company, Kafa'at Business Solutions Company, Security Control Company, Armour Security Industrial Manufacturing Company, Saudi Technology & Security Comprehensive Control Company, Technology Control Company, New Dawn Contracting Company, and Sky Prime Investment Company, submitted an *ex parte* petition for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a civil proceeding already filed in the Superior Court of Justice, Ontario, Canada (the "Petition"). ECF Nos. 1–1-1. Applicants seek permission to serve subpoenas on: Citibank NA; HSBC Bank USA NA; Cadwalader, Wickersham & Taft LLP; and Jonathan Wainwright, Esq. (together, the "Respondents"). *Id.* Applicants also seek permission to proceed *ex parte*. ECF No. 5 at 1 & 1 n.1. For the following reasons, the Petition is GRANTED.

## DISCUSSION

I. Legal Standard

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and alterations omitted). Courts routinely grant such petitions *ex parte*. *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (internal quotation marks omitted).

II.    Analysis

    A. *Ex Parte* Proceeding

Courts routinely grant similar petitions *ex parte*. Accordingly, Applicant's request to proceed without serving the Petition on Respondents is GRANTED. *Gushlak*, 486 Fed. App'x at 217.

    B. The Petition

Applicants have met all three statutory requirements. First, Applicants aver that all Respondents reside in this district. Schiff Decl. ¶¶ 18–21, ECF No. 4. Second, Applicants have established that they intend to use the discovery in an ongoing Canadian proceeding. *Id.* ¶¶ 11–13. Under the plain text of § 1782, a foreign proceeding includes "a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Mees*, 793 F.3d at 299 ("[A]pplicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase [its] chances of success."). Third, Applicants are parties to the foreign proceeding. Schiff Decl. ¶ 11.

Each of the discretionary factors also weigh in favor of granting the subpoena. First, Respondents are not participants in the Canadian proceeding. *Id.* ¶ 11. Second, the Canadian court issued an order requesting

> judicial assistance of the appropriate courts of . . . the United States to give effect to this order . . . by taking whatever steps may be necessary and permissible in that jurisdiction to require the entities and individuals set out in this [o]rder and associated [s]chedules to disclose and produce to the Plaintiffs . . . the documents the Plaintiffs is [*sic*] entitled to examine pursuant to this [o]rder.

*Id.* ¶ 12. Third, there is no evidence that Applicants are attempting to circumvent any proof-gathering restrictions imposed by Canadian law or otherwise seeking the discovery in bad faith.

3

Finally, the subpoenas Applicants propose are not unduly intrusive or burdensome. *See* ECF Nos. 8-1–8-4. Accordingly, the Petition is GRANTED.

## CONCLUSION

For the reasons stated above, the Petition is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 1 and to close the case.

SO ORDERED.

Dated: April 21, 2021
      New York, New York

                                                   ANALISA TORRES
                                                   United States District Judge