# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 856-9600
JSack@maglaw.com

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

May 3, 2021

**VIA ECF FILING**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Sakab Saudi Holding Co.*, No. 21-mc-176 (S.D.N.Y.)

Dear Judge Torres:

      We represent the applicants in this action brought pursuant to 28 U.S.C. § 1782. We submit this letter as a joint letter with counsel to New East (US) Inc., New East 804 805 LLC, New East Back Bay LLC, New East DC LLC (the "New East Entities"), which have filed a motion for leave to file a motion to intervene and vacate the Court's order granting discovery under Section 1782.

      On February 11, 2021, applicants filed an application for discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) On April 21, 2021, the Court granted the application (the "April 21 Order") and authorized service of subpoenas to Citibank NA, HSBC Bank USA NA, Cadwalader, Wickersham & Taft LLP, and Jonathan Wainwright, Esq. (the "Subpoena Recipients"). (Dkt. No. 9.) Applicants served those subpoenas on April 22, 2021. On April 29, 2021, the New East Entities filed a motion for leave to file a motion to intervene and to vacate the April 21 Order. (Dkt. No. 15.)

      Based on the New East Entities' motion and discussions among counsel, on April 30, 2021, we sent letters to the Subpoena recipients directing them to refrain from producing documents responsive to the Subpoena until the motion has been decided by the Court but that the Subpoena recipients should prepare to produce such documents in the event that the New East Entities' motion is denied.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

    We have conferred with counsel to the New East Entities and have agreed, as follows, in regard to further litigation in this action:

- Applicants do not oppose the New East Entities' motion to intervene in this action.  However, Applicants will oppose the New East Entities' proposed motion to vacate the Court's April 21 Order for reasons set forth in applicants' application and supporting papers, (Dkt. Nos. 3-5), the Court's April 21 Order, (Dkt. No. 9), and for reasons that will be set forth in our memorandum of law and supporting materials in opposition to the New East Entities' motion.[1]

- Subject to the Court's approval, counsel for applicants and the New East Entities have agreed on the following proposed briefing schedule regarding the New East Entities' proposed motion to vacate the April 21 Order:  applicants will file opposition papers on or before **May 17, 2021**, and the New East Entities will file reply papers on or before **May 28, 2021**.

                       Respectfully submitted,

                       */s/ Jonathan S. Sack*
                       Jonathan S. Sack
                       Joshua Philip Bussen

                       Morvillo, Abramowitz, Grand, Iason,
                        & Anello PC
                       565 Fifth Avenue
                       New York, New York 10017
                       Tel: (212) 856-9600
                       Fax: (212) 856-9494
                       Email: jsack@maglaw.com
                            jbussen@maglaw.com

cc:  Counsel of Record (via ECF)

---

[1] In the proposed motion to vacate the Court's April 21 Order, the New East Entities also seek a stay of discovery until a separate Massachusetts litigation is concluded.  Applicants oppose the requested stay as well as the requested vacatur of the April 21 Order.